Thank you, Your Honor, and may it please the Court. This appeal raises five separate issues, and the lead issue is the 922M charge for receipt of a firearm while under felony indictment. As for that first issue, Mr. Wako asked the District Court to dismiss the 922M charge because it violated his Second Amendment right. The District Court deferred its ruling until trial. Trial came and went, but no ruling on that constitutional challenge ever followed. Under the Baxter case, that alone requires reversal and remand. The second issue, which should have been granted, the third issue is that the District Court erred when it imposed a wholesale exclusion of an incriminating sworn statement which violated Rule of Evidence 804B3. Fourth issue is that the District Court wrongfully denied motions for judgment of acquittal, and the fifth issue is errors in the sentencing decision. Turning to the 922M charge, there is no dispute between the government and Mr. Wako that the 922M charge abridges his constitutional right to bear arms. When he launched the 922, the as-applied challenge to that charge, Rule 12 of criminal procedure permitted the Court to defer its ruling because there were factual issues involved in the question. But the District Court's own decision to do that created the obligation to resolve the constitutional challenge later. When the Court deferred that issue and then neglected to bring it back up again, did Mr. Wako have an obligation to bring it back up, and if so, did he waive it? Your Honor, our position is that that is not waived, and this is important because if Rule 12 did not have the specific requirement that the Court must state its essential findings on the then this may be different, and there may be a waiver issue. But the Rule imposes this obligation on the District Court, and our position is that by raising the motion to dismiss that, that raised the issue. But don't we have cases in other areas where we say essentially that if the Court defers a ruling, the obligation remains with the defendant to bring it back to the Court's attention, and whether you make the specific rulings or not, does that change the underlying basis for the rule, and if so, why? Because it just strikes me that, you know, certainly your lawyer, I mean, Mr. Wako's lawyer knew that he had made the motion. The lawyer knew that it hadn't been ruled on, and it is clear that the judge just overlooked it, and at no point prior to the appeal was it actually brought back to the judge's attention. I mean, not even in a post-trial motion, because, you know, and that seems to me, that's where I find the greatest criticism here is that the failure to bring a post-trial motion to say, Judge, you never ruled on this. Instead, we're sitting here on appeal, and it seems to me we're sitting here on an appeal on an issue that the judge really had no meaningful opportunity to decide because the lawyer never bothered to ask. Well, Your Honor, the answer to that is a Baxter case. The Baxter case did not impose that sort of responsibility on the defendant in the criminal case, and the district court even issued in that case, which was authored by Judge Shepard, found that there was kind of a background statement of essential findings that the district court had on the Second Amendment challenge that was as applied, but even that was insufficient under Rule 12 to state the essential findings on the record. And there was not a post-trial motion, at least I'm aware of, as I stand here right now in the Baxter case to sort of raise that. It would almost be sort of a motion for reconsideration, it seems like at that. I'm not so sure that's true, because what you have here is there's just no decision ever made, right? Deferral means I'm not making a decision. You know, making, you know, incomplete findings that say I'll come back to it later is not the deferral of the decision. The decision's been made, it's just the findings are inadequate. Seems to me that's a different analysis than, yeah, I'll get to it when we get to the end and the facts are in the record. Well, Your Honor, in addition to the Baxter case being an answer, that the function of Rule 12 and the district court's own decisions to create this obligation that it has seems to answer it. And if that language was not in Rule 12, this may be a different issue. But also the failure to come back to the Rule 12 issue creates not only a procedural problem, which is its own discrete error, but a Second Amendment and a constitutional problem, because the government has the burden to demonstrate that the constraint on the Second Amendment right of Mr. Waco was consistent with the nation's historical practice of firearm regulation. The government never was required to carry its burden on that legal standard, and that represents its own discrete constitutional violation. And the decision that came down in Perez was expressly clear that the hearing on an as-applied challenge and the determinations that the court makes and the evidence that is heard is distinct from a jury trial. A jury trial transcript is not a substitute for the findings that must be made on an as-applied challenge. The second most critical issue here is the blanket exclusion of the affidavit from Mr. DeSursa. Mr. DeSursa signed an affidavit stating he was the driver of the vehicle, that he saw a third party possess the firearm, not Mr. Waco, and that he and the third party are the individuals who ran from the police. This was excluded by the district court, and the district court determined at a general level that because Mr. DeSursa didn't admit to possessing the exact firearm and blamed a third party, and because the statement was not so contrary to his interests in exposing the criminal liability, that it just wouldn't be admissible. These considerations go more to weight than to admissibility, and they failed to take into account all the surrounding circumstances of the statement, which is required under Williamson from the Supreme Court, and failed to examine each portion of the affidavit and instead impose this wholesale exclusion. Mendoza, this court, requires a line-by-line examination of that. The next issue in this appeal is the rulings on the judgment of acquittal. I'll note for this that the judgment of acquittal was actually the procedural vehicle for some of the as-applied Second Amendment challenge in the case of Perez. So if the court were to find that the trial counsel's failure to bring, for instance, a post-trial motion on the as-applied challenge, the court could find that that is subsumed within the Rule 29 motion, which was brought during trial and would have preserved the issue. But setting aside the Second Amendment issue for judgment of acquittal and looking at simply the substance of the charges, the 922G1 charge requires showing of dominion over the premises where the firearm was located, and that was failed to be satisfied, and the 922N charge requires willful receipt. Now, it's important to note that, in fact, actually the jury instructions, this may be a preservation issue, the jury instructions on the 922N charge refer to possession and not receipt, which goes to the judgment of acquittal issue when the charge is for receipt of a firearm. If the Court's willing, I'll reserve my time for rebuttal. Thank you. Very well. Mr. Parsons. Thank you, Your Honor. May it please the Court and my friend, Mr. Heideperm. The defendant here was charged after a jury trial and convicted by a jury of two separate federal gun crimes, the felony possession and the receipt of a firearm under indictment. Under settled precedent, his as-applied constitutional challenge to the felony possession charge is barred as a matter of law under United States v. Jackson, where this Court held there's no need for felony-by-felony litigation on the constitutionality of that prong. It goes back to Heller and it's reaffirmed in Bruin and Rahimi, because legislatures traditionally employ status-based or class-based restrictions to disqualify categories of persons thought to pose a special danger of misuse. So if you're a felon, it doesn't matter what the felony is. The prohibition is unconstitutional. Regarding this Court's decisions on a different prong, the drug user statute, the status of the law is much different. Baxter, Cooper, Grubb, Perez, and Ledvina issued just last month, as-applied challenges may be available to consider whether application to a particular person under particular circumstances using a particular drug deprived him of his constitutional Second Amendment rights. Count two here, however, 922N involves an entirely different gun crime not issue in Jackson or in the Baxter-Cooper line of cases, which is receipt of a firearm while under felony indictment. So at bottom to me, the question really is, which is it more like? Is a receipt under felony indictment, is that more like a status-based assessment that Congress can make like a felon in possession? Or is it more like a factual inquiry that you have to make about the circumstances of drug use? I suggest it's much more like the former, and that there is no need to have a factualized inquiry about what felony you were under indictment for when you illegally received the gun. I think Judge Frye was correct when she held in her district court decision that Jackson controls this case under 922N. And other courts have held the same, the Fourth Circuit recently in another case called Jackson, issued just last year. It's the equivalent of surety laws as Judge Frye discussed. You can't receive a gun while you're under indictment. You're told that when you're under felony indictment. You're told that. He was told that. Mr. Waco was told that. And that class of persons can be barred from possessing guns. And we suggest that was Judge Frye's holding. Now, there was a recognition, a deferral to this Cooper-Baxter line of cases. We suggest that does not need to be done here. And if the court believes it does need to be done, unlike Baxter and Cooper, we have a fully developed trial record that this court can look at, Judge Frye looked at, and... So you think the Circuit should do the district court's work for it? Not at all, Your Honor. I'm suggesting that this is really at bottom of question of law, that there does not need to be a felony by felony litigation of the received under indictment statute. That is a class of persons, Congress has said, pose a special danger of misuse. But even if there is an examination of the facts about that, what facts would be examined? Well, what were you indicted for? Well, the jury's already found that. Indicted for aggravated eluding, a felony, and specifically that poses an inherent risk of death or serious bodily injury to third people, third persons. Fleeing from police, crashes, cars crashing into each other. He was struck by another vehicle. He struck an oncoming vehicle. That's the type of... So you're saying there are no essential factual findings that the district court needs to enter on the record when it dismisses under 12D? Essentially, no. I think this would be, as Judge Shepard said in Baxter, in Baxter the court took no ruling on whether there had to be a post-trial factual assessment. The court in Baxter was free to make the assessment pre-trial, before there was a trial, that this set of facts, there is no question that it should be prohibited. And here, you have the charge. I mean, so all she would do is look at the charge, the underlying charge, and say, well, that's dangerous. That's a felony. So the as-applied challenge cannot stand. I suggest there's nothing factually to be done here. But as a broader matter, that really this is more like a Jackson case. Felony by felony assessment and individualized factual assessment is really not called for in this case. But this court is writing on a blank slate. This panel is, as I understand it, post-Bruin about 922N. That wasn't at issue in any of the Baxter-Lenna cases or in Jackson. On the jailhouse affidavit by Cody DeSursa, this, of course, is the abuse of discretion standard. The affidavit by DeSursa, who was a five-time felon and then was under, about to be convicted of another gun charge, he says, well, it was this phantom person, Hassan. He's the one who had the gun. My friend J.B. or Waco is innocent. He accepts no responsibility himself for the gun at all. And that's what Judge Schreier found. Williamson v. United States and Mendoza do require a parsing of this, of the affidavit. But if you parse it, there is nothing left to exonerate Mr. Waco. And regardless of whether or not, before you even get to a parsing, you first have to say, well, this is really against his criminal interest to do this. Well, really, he's really only the driver of a car that didn't stop. That's a misdemeanor. So, faced with five felonies and an undertrial for a current felony, admitting to a misdemeanor is not really something that is going to affect him too much, as Judge Schreier expressly found as a factual finding. And then, even if you get past that, she also made an express finding that this was not trustworthy. She has to find that it was clearly trustworthy, considering the totality of the circumstances, every circumstance. She made that express finding and said, I don't find this trustworthy at all. In fact, this violates the known evidence that we have. Two officers identified Waco. One knew him very well, looked him right in the eye. He's an African-American gentleman, less than six feet tall. He called him by name. He tried to break out the window. He was getting away. He saw him. He knows him. That's him. Mr. Desursa's affidavit says, no, I was driving. And Mr. Desursa, the record shows, Judge Schreier found, he's a very light-complected Native American, over six foot three tall, and they know him too. It wasn't him. Judge Schreier didn't believe this affidavit for a minute. There is no trustworthiness in her factual finding that this was untrustworthy in and of itself demonstrates that this was not abuse of her substantial discretion. I'd like to go back, if I could, to the gun case and make one more additional point. Even if there were additional fact-finding of some kind by Judge Schreier that would lead to the as-applied challenge on the 922N count being vacated, completely vacated, that would not change Mr. Desursa's, I mean, sorry, Mr. Waco's sentence by a single day. She sentenced him independently under the felony possession charge to 84 months, on the receipt under possession to 60 months. So if you knock that out, he's still serving his entire prison sentence, and the $100 special assessment that he was charged on count two, that can just be ordered to be deleted by this court. Why did the Supreme Court reverse Cunningham and Jackson? I'm sorry, Your Honor? What if the U.S. Supreme Court reversed Cunningham and Jackson later on? Well, and those are drug user cases, so that wouldn't affect, I presume, would not affect a receipt under indictment charge. That would be more like a felon in possession case, is my position, Your Honor. So really, under Garbaz and Nagayan and Hagen and Grimes, even if this court would vacate the count two, the only thing that would happen is the $100 special assessment would be gone. There would not be a resentencing under this court's precedent. Finally, under the sufficiency of the evidence, the jury heard all the evidence. That's not something that is affected by the constitutional arguments. We have DNA evidence, one in 805 trillion. Two detectives identified him. One looked him in the face and knew him and said, called him by name. They specifically observed him reaching for the gun. The officers did. And in terms of whether he received it under indictment, the gun was stolen on, I think, April 5th. I might have the months wrong. March 3rd, the gun was stolen. And on March 8th, he had it. So he was under indictment that entire time. So he clearly received it in those, that five-day window when he was under indictment. And there's evidence that he received it that a jury was entitled to believe. Viewing all the evidence in the light most favorable to the government, as the court must on the sufficiency, there's really no way not to affirm both of these verdicts. And the government very respectfully requests that this court affirm in all respects. Thank you, counsel. You may respond. Thank you, Your Honor. Two discrete points. First, on the question of whether 922N is subject to as applied challenges. Now, let's use a hypothetical here to think about the government's theory. The government's theory is that if you are indicted for a felony and you receive a firearm, no matter the felony, that person must be disarmed and that's constitutional. Well, suppose someone walks into a tailor and shoplifts a high-end blazer worth more than $1,000. Under South Dakota law, that's a felony. Is that person dangerous? We don't even look into that under the government's theory. They are disarmed. Say that they are charged then with 922N, but they have a defense to the shoplifting charge. That's gone now, but they're convicted of a felony under federal law, federal firearm offense. They are now permanently disarmed for the rest of their life because they are a felon and cannot possess a firearm. The courts that have, many courts that have addressed this as applied nature of the challenge to 922N, like the Ninth Circuit in Stenerson, the Sixth Circuit in Gore, the Seventh Circuit in Holden have determined more or less directly that as applied challenges are preserved for 922N. In fact, in Holden, the Seventh Circuit specifically said some charges may flunk the constitutional standard. For instance, charge for an antitrust offense. Counsel, what are you asking the court to do on this 922N issue of the deferred ruling? The primary form of relief would be reversal and remand for the district court to finish the job. But if the court were inclined to look at the record and assess, for instance, if dangerousness was the standard that the court found was most important, the court could assess that. I see I'm out of time, but I can finish my answer if that's okay. And this gets into the question of what the criteria are that the court is going to look at for 922N when it's as applied. G3, the court has listed various factors, dangerousness, mental illness. That has not been done for 922N, and our position is that it should be done, and we request the relief sought in our brief. Thank you very much.